{¶ 21} I respectfully dissent from the majority opinion.
 {¶ 22} I believe the majority misapplies State v. Cook andState v. Nosic. Those cases dealt with the retroactive application of H.B. 180; specifically R.C. 2950.09 regarding classification of an offender as a sexual predator. The Cook
Court based its conclusion on the fact the registration and address verification provisions of R.C. Chapter 2950 are diminimus procedural requirements; therefore, remedial in nature and not violative of the ban on retroactive laws set forth in Section 28, Article II of the Ohio Constitution.
 {¶ 23} The case sub judice involves a retroactive application of a substantive, rather than merely remedial, provision of the statue. Unlike the di minimus procedural requirements inCook, the retroactive application of the amendment to R.C.2950.99 in the case sub judice creates criminal felony sanctions. Accordingly, I must dissent from the majority opinion.[1]
[1] Given my position on appellant's first assignment of error, I would find appellant's second assignment of error moot.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Knox County Court of Common Pleas is affirmed. Costs assessed to appellant.